The Honorable Mike Ross State Senator P.O. Box 374 Prescott, AR 71857-0374
Dear Senator Ross:
This is in response to your request for an opinion on the following questions involving the use of funds under Act 833 of 1991 (A.C.A. §§26-57-614 (Repl. 1997) and 14-284-401—411 (Repl. 1998)):
 1. Are the funds collected and distributed by Act 833 from insurance premium taxes considered public funds?
 2. If these funds are considered as public funds, are they subject to Statute 14-47-138 for all purchases using these funds and requiring competitive bidding?
 3. In statute 14-47-138, our local Board has an existing ordinance requiring the use of competitive bidding for all purchases above $5,000. Does the state threshold of $10,000 apply, since it is funds coming from the state which might supersede a local ordinance setting limits of competitive bidding?
RESPONSE
These insurance premium tax moneys are public funds. Arkansas Code Annotated § 14-47-138 (Repl. 1998) requires the use of competitive bidding for all purchases or contracts made by the city using these funds where the anticipated cost to the city exceeds the maximum amount established under A.C.A. § 14-47-120 (Repl. 1998). The State threshold of $10,000 under the Arkansas Purchasing Law does not apply to purchases or contracts made by a city or an office, department, or agency of city government.
Question 1 — Are the funds collected and distributed by Act 833 frominsurance premium taxes considered public funds?
The answer to this question is clearly "yes." Act 833 imposes a 0.5% tax on net direct written premiums for certain types of insurance coverage.See A.C.A. § 26-57-614 (b). The tax is collected by the Insurance Commissioner and deposited into the Fire Protection Premium Tax Fund for disbursement to the counties by the Department of Finance and Administration according to certain percentages. Id. at subsection (c) and A.C.A. § 14-284-403 (a) (1). The premium tax moneys are then apportioned by the county quorum courts to the fire protection districts and municipalities in accordance with A.C.A. § 14-284-403 (a) (2).
It thus seems clear that these funds are "public funds" as that term is commonly understood, i.e., these are "moneys belonging to government, or any department of it, in hands of public official." Black's LawDictionary 1106 (5th ed. 1979). See also Sebastian County Chap. Am. RedCross v. Weatherford, 311 Ark. 656, 661, 846 S.W.2d 641 (1993) (citingBlack's definition for the "plain and ordinary meaning" of the term "public funds.")
Question 2 — If these funds are considered as public funds, are theysubject to Statute 14-47-138 for all purchases using these funds andrequiring competitive bidding?
Arkansas Code Annotated § 14-47-138 applies to cities organized under the manager form of government. See A.C.A. § 14-47-101 et seq. It provides in relevant part as follows:
 Before making any purchase of or contract for any supplies, materials, or equipment, and before obligating the city under any contract for the performance of services or for the construction of municipal improvements, where the anticipated cost to the city of the transaction exceeds the maximum amount established by the board of directors under the authority of § 14-47-120, opportunity for competitive bidding shall be given under such rules and regulations as the board may, by ordinance, prescribe, and the contract shall be consummated only on a bid approved by the city manager and by the board.
A.C.A. § 14-47-138 (a) (Repl. 1998).
Thus, § 14-47-138 requires competitive bidding where the anticipated cost to the city of the purchase or contract exceeds the board-prescribed amount.[1] It is my opinion that § 14-47-138 applies when the city uses the premium tax moneys it receives under § 14-284-403, supra, to purchase or contract for supplies, materials, equipment, services, or improvements. Section 14-47-138 would, in my opinion, apply to all such purchases or contracts.[2]
Question 3 — In statute 14-47-138, our local Board has an existingordinance requiring the use of competitive bidding for all purchasesabove $5,000. Does the state threshold of $10,000 apply, since it isfunds coming from the state which might supersede a local ordinancesetting limits of competitive bidding?
It is my opinion that the answer to this question is "no."
I assume that the "state threshold of $10,000" refers to the requirement in the Arkansas Purchasing Law (A.C.A. § 19-11-201 et seq.) that "[c]ontracts exceeding an estimated purchase price of ten thousand dollars ($10,000) shall be awarded by competitive sealed bidding[,]" unless it is determined that this method is not practicable. A.C.A. §19-11-229 (b) (Repl. 1998). The Arkansas Purchasing Law applies to "every expenditure of public funds by this state, acting through a state agencyas defined in § 19-11-203. . . ." A.C.A. § 19-11-207 (a) (Repl 1998) (emphasis added). According to § 19-11-203 (25), "State agency" means "any office, department, commission, council, bureau, committee, institution, legislative body, agency, government corporation, or other establishment or official of the executive, judicial, or legislative branch of this state. . . ."
It thus seems clear as a general matter that the $10,000 threshold in the state purchasing law does not apply to expenditures of public funds by municipalities. This is true notwithstanding the fact that the funds came from the state. The Arkansas Purchasing Law is clear in its application.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] The city manager is authorized to "contract for and purchase, or issue purchase authorizations for, supplies, materials, and equipment for the various offices, departments, and agencies of the city government," and he may contract for services or improvements. A.C.A. § 14-47-120
(5)(A)(i) (Repl. 1998). But competitive bidding is required for each such contract or purchase exceeding the maximum amount established by the board of directors pursuant to this provision. Id.
[2] In the case of contracts for services, however, reference should be made to A.C.A. § 19-11-801 (Repl. 1998), which prohibits the use of competitive bidding for the procurement of "professional services", defined to include "legal, architectural, engineering, land surveying, and such other consulting services as the political subdivision shall designate. . . ."